******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# RUBEN ROMAN *v.* COMMISSIONER OF CORRECTION
## (AC 46663)

Elgo, Moll and Cradle, Js.

*Syllabus*

The petitioner appealed, following the denial of his petition for certification to appeal, from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claimed that the court erred in concluding that his criminal trial counsel, B, had not provided ineffective assistance in failing, inter alia, to properly present evidence regarding the petitioner's drug and alcohol abuse on the night the petitioner committed the crimes at issue. *Held*:

The habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal, as B, in determining not to emphasize evidence regarding the petitioner's cocaine use on the night of the crimes, reasonably relied on the advice of an expert witness for the defense and the petitioner failed to overcome the presumption that B's decision to pursue an intoxication defense based solely on his alcohol use was sound trial strategy.

Argued September 20—officially released November 19, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Newson, J.*; judgment denying the petition; thereafter, the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Matthew C. Eagan*, assigned counsel, for the appellant (petitioner).

*Meryl R. Gersz*, assistant state's attorney, with whom, on the brief, were *Sharmese L. Walcott*, state's attorney, and *Angela Macchiarulo*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

CRADLE, J. The petitioner, Ruben Roman, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. The petitioner claims that the court (1) abused its discretion in denying his petition for certification to appeal and (2) improperly denied his petition for a writ of habeas corpus because the court erred in concluding that his criminal trial counsel had not provided ineffective assistance. We dismiss the appeal.

The following facts, as set forth by our Supreme Court, provide context for the petitioner's claims of ineffective assistance. "[O]n December 24, 1997, the [petitioner] and his live-in girlfriend, [M],[1] hosted a holiday party at the single-family home that they shared in East Hartford. At around midnight, the [petitioner] left to drive several of his family members home. When he returned at approximately 3 a.m. on December 25, 1997, he found [M] sitting at the dining room table with [I], her brother-in-law from a previous marriage, and her son and nephew. Shortly after the [petitioner] returned home, he and [M] began to argue. The argument escalated, and the [petitioner], who had consumed alcoholic beverages and cocaine that same evening, shot at [M] several times with a .45 caliber semiautomatic pistol. The [petitioner] also repeatedly shot [I]. Although seriously injured, [M] survived the attack. [I], however, died as a result of gunshot wounds to the abdomen while en route to the hospital." (Footnote added; footnote

---

[1] In accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2018), as amended by the Violence Against Women Act Reauthorization Act of 2022, Pub. L. No. 117-103, § 106, 136 Stat. 49, 851; we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

omitted.) *State* v. *Roman*, 262 Conn. 718, 721, 817 A.2d 100 (2003).

The jury found the petitioner guilty of murder in violation of General Statutes (Rev. to 1997) § 53a-54a, assault in the first degree in violation of General Statutes § 53a-59 (a) (1), criminal possession of a pistol or revolver in violation of General Statutes (Rev. to 1997) § 53a-217c (a) (1) and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21. The petitioner thereafter was sentenced to a total effective sentence of eighty years of incarceration. This court affirmed the judgment of the trial court. *State* v. *Roman*, 67 Conn. App. 194, 197, 205, 786 A.2d 1147 (2001), rev'd in part, 262 Conn. 718, 817 A.2d 100 (2003). Our Supreme Court granted the petitioner's petition for certification to appeal, limited to the issue of whether the trial court was required to hold a preliminary inquiry regarding the petitioner's claim of juror misconduct. *State* v. *Roman*, 259 Conn. 920, 791 A.2d 567 (2002). The Supreme Court held that the trial court improperly declined to conduct such an inquiry, reversed in part the judgment of this court and remanded the case to this court with direction to remand the case to the trial court for further proceedings. *State* v. *Roman*, supra, 262 Conn. 729. Upon remand, the trial court found no evidence of juror misconduct and our Supreme Court affirmed the judgment of the trial court. *State* v. *Roman*, 320 Conn. 400, 403–404, 133 A.3d 441 (2016).

The petitioner commenced this action in 2017 and filed the operative second amended petition for a writ of habeas corpus on January 13, 2020, wherein he alleged ineffective assistance of his trial counsel, Kevin Barrs.[2]

---

[2] The petitioner also alleged that his counsel who represented him after the Supreme Court's remand, Damon Kirschbaum, provided ineffective assistance. The habeas court rejected that claim and the petitioner has not challenged the habeas court's conclusions as to Kirschbaum.

Relevant to this appeal,[3] the petitioner claimed that Barrs rendered ineffective assistance in that he failed to properly present evidence regarding the petitioner's drug and alcohol use, failed to properly examine witnesses as to the petitioner being under the influence and failed to correct the court when it instructed the jury on its consideration of expert testimony pertaining to the petitioner's alcohol abuse, versus the combination of the petitioner's drug and alcohol use. On September 7, 2022, the petitioner filed a notice of his intention to present at trial the expert testimony of Kelly Johnson-Arbor, a physician board certified in emergency medicine, medical toxicology and hyperbaric medicine, who would testify as to "how the mix of drugs, specifically cocaine and alcohol, affect the brain and cause a different type of mental status."

The habeas court held a two day trial on March 9 and 15, 2023, during which the petitioner argued that Barrs' ineffective assistance stemmed from his decision to deemphasize the petitioner's use of cocaine. On April 13, 2023, the habeas court, *Newson, J.*, issued a memorandum of decision rejecting all of the petitioner's claims. The court reasoned, inter alia: "The petitioner took the stand [during his criminal trial] and was allowed to testify freely about his long history of alcohol and substance use and abuse. . . . Barrs also hired an expert witness for the defense . . . Peter Zeman, and had him testify about the effects of alcohol and the various drugs the petitioner admitted to using. What the petitioner really emphasized was a claim that . . . Barrs had failed to emphasize the effects of cocaine and/or the combined effects of cocaine and alcohol on the petitioner. . . . Barrs testified that he consulted in

---

[3] The petitioner alleged in his habeas petition additional ways in which Barrs provided ineffective assistance, but the habeas court rejected those allegations, and the petitioner has not challenged the habeas court's conclusions as to those allegations.

detail with [Zeman] about the effects of alcohol, cocaine, and the combined effects of both. As a result of that consultation, he was advised by [Zeman] that if the defense emphasized the petitioner's cocaine use, he would have to admit that too much cocaine can make a person become violent. Based on that advice, and that the theory of defense was that petitioner's ingestion of substances diminished his capacity to form the intent to commit violence . . . Barrs focused on the petitioner's significant alcohol use and avoided emphasizing cocaine or the combined effect of cocaine and alcohol. The petitioner has offered nothing credible to suggest that counsel following the advice of his hired expert was not a competent and reasonable professional decision under the circumstances." (Citation omitted.) The court thus concluded that the petitioner failed to prove that Barrs' representation of him was deficient as to his claims that Barrs failed to properly present evidence regarding the petitioner's drug and alcohol use and failed to correct the court when it instructed the jury on its consideration of expert testimony pertaining to the petitioner's alcohol abuse, versus the combination of the petitioner's drug and alcohol use. As to the petitioner's claim that Barrs failed to properly examine witnesses as to the petitioner being under the influence on the night in question, the court concluded that the petitioner failed to meet his burden of showing prejudice "because there was no reasonable probability that the testimony he offered [at the habeas trial] would have resulted in any different outcome at the criminal trial." Accordingly, the court denied the petition for a writ of habeas corpus and thereafter denied the petitioner's petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review . . . only by satisfying the two-pronged test

enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . If this burden is not satisfied, then the claim that the judgment of the habeas court should be reversed does not qualify for consideration by this court." (Internal quotation marks omitted.) *Bennett* v. *Commissioner of Correction*, 222 Conn. App. 689, 691, 306 A.3d 1195 (2023), cert. denied, 348 Conn. 948, 308 A.3d 37 (2024).

The standard of review in a habeas corpus proceeding challenging the effective assistance of trial counsel is well settled. "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. To satisfy the performance prong, a claimant must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . To satisfy the prejudice prong, a claimant must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Because both prongs . . . must

be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. . . .

"On appeal, [a]lthough the underlying historical facts found by the habeas court may not be disturbed unless they [are] clearly erroneous, whether those facts constituted a violation of the petitioner's rights [to the effective assistance of counsel] under the sixth amendment is a mixed determination of law and fact that requires the application of legal principles to the historical facts of [the] case. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Anderson* v. *Commissioner of Correction*, 205 Conn. App. 173, 187–88, 256 A.3d 174, cert. denied, 339 Conn. 916, 262 A.3d 137 (2021).

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances. . . . Judicial scrutiny of counsel's performance must be highly deferential and courts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ." (Internal quotation marks omitted.) *Brewer* v. *Commissioner of Correction*, 189 Conn. App. 556, 561–62, 208 A.3d 314, cert. denied, 332 Conn. 903, 208 A.3d 659 (2019).

On appeal, the petitioner claims that the habeas court erred in concluding that Barrs did not provide ineffective assistance in failing to properly present evidence regarding the petitioner's drug and alcohol abuse on the night of the incidents at issue, failing to properly

examine Zeman as to the combined effects of alcohol and cocaine, and failing to correct the trial court when it instructed the jury only on how it could use Zeman's testimony in connection with the petitioner's alcohol use instead of the combined effects of alcohol and cocaine. The petitioner acknowledges that "[a]ll of [his] claims presented on appeal stem from trial counsel's decision to deemphasize the petitioner's cocaine use at trial" and "whether trial counsel's decision was reasonable." He contends that the decision to avoid emphasizing his cocaine use was not reasonable because he did not contest the violent nature of the crimes with which he was charged. He argues that evidence of the effect of the combination of alcohol and cocaine would have proven that he did not have the capacity to form the requisite intent to commit those violent acts. We are not persuaded.

At the petitioner's criminal trial, Barrs pursued an intoxication defense, arguing that, at the time the petitioner committed the crimes of which he was convicted, he was suffering from an alcohol induced blackout. At the habeas trial, Barrs explained that Zeman had testified at the criminal trial as to the effects that alcohol has on the brain, the effects that cocaine has on the brain and the effects of the combination of those substances. Barrs recounted: "Based on my conversations and the work we did with [Zeman], he said that we should stress the alcohol and stay away from the cocaine because he said there's a better chance with [the petitioner] claiming that he had a blackout. And, certainly, his behavior around the incident suggested that he might have had a blackout was stronger evidence than the cocaine."

Barrs' testimony demonstrates that he considered the petitioner's cocaine use, and the combined use of alcohol and cocaine, as part of the intoxication defense, but, upon consultation with Zeman, determined not to

emphasize it but, instead, to argue to the jury that the petitioner was suffering from an alcohol induced blackout when he committed the crimes at issue. Not only was Barrs' reliance on Zeman's advice reasonable;[4] see *Ervin* v. *Commissioner of Correction*, 195 Conn. App. 663, 674–75, 226 A.3d 708 (" '[a] trial attorney is entitled to rely reasonably on the opinion of an expert witness' "), cert. denied, 335 Conn. 905, 225 A.3d 1225 (2020); but the petitioner has failed to overcome the presumption that Barrs' decision to pursue an intoxication defense based solely on the petitioner's alcohol use was sound trial strategy. Although, as the petitioner argues, he did not contest at his criminal trial the violent nature of the offenses, it cannot reasonably be disputed that emphasizing that violence would not have been beneficial to the petitioner. Because all of the petitioner's allegations of Barrs' ineffective assistance rest upon his argument that Barrs should not have deemphasized his cocaine use, all of his claims on appeal fail.

On the basis of the foregoing, the petitioner's challenge to the habeas court's determination that Barrs' did not provide ineffective assistance is unavailing. On the basis of our review of the record and the relevant legal principles, we cannot conclude that the resolution of the petitioner's claims involves issues that are debatable among jurists of reason, are adequate to deserve encouragement to proceed further or that a court could resolve them in a different manner. Accordingly, the habeas court did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[4] This is so particularly in light of the fact that there was no testimony presented at the petitioner's criminal trial as to how much cocaine he used on the night he committed the crimes at issue. See *State* v. *Roman*, supra, 67 Conn. App. 205 ("Zeman's estimate[s] about the number of bags of cocaine that the [petitioner] claims to have ingested, as well as the amount of cocaine that was contained in each bag, were uncertain").